UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
──────────────────────────────────────────

HOUSE OF DIAMONDS, INC.,

                Plaintiff,                REPORT AND
                                                          RECOMMENDATION

     - against -

                                                          08 Civ. 6760 (RJS) (RLE)

BORGIONI LLC, et al.,

                Defendants.

──────────────────────────────────────────

**To the HONORABLE RICHARD J. SULLIVAN, U.S.D.J.:**

## I. INTRODUCTION

On July 29, 2008, Plaintiff House of Diamonds, Inc. ("House of Diamonds") filed a Complaint against Defendants Borgioni LLC, Rhonda A. Bartolacci, Tiffany A. Bartolacci (collectively, the "Borgioni Defendants");[1] Livada Diamond Corp. ("Livada"), J. Charles and Company, Inc. d/b/a J. Charles Custom Jewelers ("J. Charles"), Joseph Zrelak,[2] and Jan Charles Chrissafis, alleging breach of contract, breach of the covenant of good faith, fraud, account stated, and conversion. (Compl. ¶¶ 57-90.) The deadline for Defendants to Answer or otherwise respond to the Complaint was September 2, 2008. Livada and J. Charles have not appeared or otherwise responded to the Complaint. The Court granted Chrissafis two extensions of time to Answer, setting the ultimate deadline as October 13, 2008. (Doc. Nos. 3, 6.) To date he has failed to appear, answer, or move against the Complaint. On January 5, 2009, the Clerk of the Court

---

[1] By stipulation dated April 16, 2009, House of Diamonds and the Borgioni Defendants have agreed to dismiss the case as to the Borgioni Defendants, with prejudice and without costs or fees to either party. (*See* Doc. No. 29.) As such, the Borgioni Defendants are not included in this Report and Recommendation.

[2] Zrelak has entered an appearance and is not included in this Report and Recommendation.

certified that Livada, J. Charles, and Chrissafis had failed to Answer or otherwise respond to the Complaint. (Pl.'s Aff. of Mot. for Default J. ("Pl.'s Aff."), Jan. 20, 2009, Exs. G-I.) On January 20, 2009, House of Diamonds filed a Motion for Default Judgment against these three Defendants. (Doc. No. 20.) While the appearing Parties consented to trial before the undersigned (Doc. Nos. 11, 16), non-appearing parties have not consented and the motion for default has been referred for a Report and Recommendation by District Judge Sullivan (Doc. No. 26). Because Livada, J. Charles, and Chrissafis have failed to appear, I recommend that a **DEFAULT JUDGMENT** be entered against these Defendants pursuant to Rule 55 of the Federal Rules of Civil Procedure.

## II. BACKGROUND

On July 29, 2008, House of Diamonds initiated the instant action against seven Defendants, including the Parties subject to this motion, alleging breach of contract, breach of the covenant of good faith, fraud, account stated, and conversion. (*See* Doc. No. 1.) Livada was personally served by delivering copies of the Summons and Complaint to its officer, Joseph Zrelak, on August 13, 2008. (Pl.'s Aff., ¶ 3, Ex. B.) J. Charles was personally served by delivering copies to its officer, Jan Charles Chrissafis, on August 12, 2008. (Pl.'s Aff. ¶ 4, Ex. C.) Chrissafis was also personally served on August 12, 2008. (Pl's Aff. ¶ 5, Ex. D.) Proof of service as to all defaulting Defendants was filed with the Court on September 19, 2008. (Doc. No. 4.) The initial deadline to Answer the Complaint was September 2, 2008, for all Defendants.

**A. Livada**

On September 3, 2008, Plaintiff's counsel, Mark Eberle, received a document styled "Motion to Dismiss" from Zrelak, in which Zrelak appeared *pro se* and as the representative of

Livada. (Pl.'s Letter to the Court ("Pl.'s Letter"), October 31, 2008 at 2.) The document apparently did not comply with Judge Sullivan's Individual Practices (*id.*), and was never filed with the Court. In a subsequent communication, Eberle informed Zrelak that he needed to obtain counsel for Livada pursuant to 28 U.S.C. § 1654, as it is a corporate entity. (*Id.*) Neither the Court, nor House of Diamonds received any further communications on behalf of Livada and the record contains no reference to an appearance of counsel on behalf of this Defendant.

**B. J. Charles & Chrissafis**

On September 2, 2008, House of Diamonds was contacted by Howard Ellzey, an attorney who purportedly did not represent Chrissafis, but requested an extension of the Answer deadline on his behalf. (Pl.'s Letter at 3.) Ellzey informed House of Diamonds that the extension request did not pertain to J. Charles as Chrissafis had chosen not to provide a defense to the Complaint with respect to the corporation. (*Id.*) House of Diamonds consented to Ellzey's request and the deadline was extended to September 22, 2008. (Pl.'s Aff. ¶ 6, Ex. E.) On September 22, 2008, Ellzey requested another extension on Chrissafis's behalf and the deadline was extended to October 13, 2008. (*Id.* ¶ 7.) On October 8, 2008, House of Diamonds received a letter from Ellzey, stating that he would have no further involvement in the case (Pl.'s Letter at 4) and no further communication has been received from, or on behalf of, either J. Charles or Chrissafis by House of Diamonds or the Court. Neither Defendant has filed an Answer or has otherwise responded to the Complaint.

Accordingly, on January 5, 2008, the Court entered Notations of Default for Livada, J. Charles, and Chrissafis (Pl.'s Aff., Exs. G-I) and on January 20, 2009, Plaintiff filed the instant Motion for Default Judgment (Doc. No. 20). House of Diamonds seeks judgment against

3

Defendants Livada, J. Charles, and Chrissafis, jointly and severally for the sum of $155,485.50, plus pre-judgment interest at the rate of 9% per annum to the date of judgment, and postjudgment interest.

### III. DISCUSSION

#### A. Jurisdiction

This Court has subject matter jurisdiction over the claims in the instant action pursuant to 28 U.S.C. § 1332. Generally, a district court sitting in diversity has personal jurisdiction over a defendant who is "subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." FED. R. CIV. P. 4(k)(1)(A). To determine whether personal jurisdiction over the Defendants is proper, here the Court must engage in a two-step analysis. First, the Court must determine whether New York's long-arm statute, N.Y. C.P.L.R. §302, confers jurisdiction over Defendants to New York State Courts of general jurisdiction. Secondly, the Court must establish whether the exercise of personal jurisdiction over Defendants would be permissible under the Due Process Clause of the United States Constitution. *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996), *cert. denied*, 519 U.S. 1006 (1996).

##### 1. Long-Arm Analysis

###### a. N.Y. C.P.L.R. § 302(a)(1)

New York's long-arm statute grants personal jurisdiction over a non-domiciliary defendant if the defendant "transacts business within the state." N.Y. C.P.L.R. § 302(a)(1). A defendant is found to transact business within the state if it "purposefully avails itself of the privileges of conducting activities within New York." *Ehrenfeld v. Bin Mahfouz*, 881 N.E.2d 830, 834 (N.Y. 2007) (quoting *McKee Elec. Co. v. Rauland-Borg Corp.*, 229 N.E.2d 604 (N.Y.

1967)). It is not necessary that the defendant be physically present in New York for jurisdiction to be proper. *Fischbarg v. Doucet*, 880 N.E.2d 22, 26 (N.Y. 2007). In fact, courts have found that actions such as telephone, fax, and email communications suffice for jurisdictional purposes, so long as the defendant's activities in the state are purposeful and substantially related to the asserted claims. *Deutsche Bank Sec., Inc. v. Montana Bd. Of Invs.*, 850 N.E.2d 1140 (N.Y. 2006), *cert. denied*, 549 U.S. 1095 (2006). Courts have found that a defendant who purposefully created and maintained a continuous relationship with a New York corporation, even in the absence of any further business contacts with the state, was "transacting business" within the meaning of C.P.L.R. § 302(a)(1). *George Reiner & Co., Inc. v. Schwartz*, 363 N.E.2d 551 (N.Y. 1977). Courts have found that a relationship as brief as nine months may be sufficiently continuous for jurisdictional purposes. *See, e.g.*, *Fischbarg*, 880 N.E.2d at 27-28.

In the instant case, the defaulting Defendants purposefully approached House of Diamonds at a jewelry show in Las Vegas, and sought to create a relationship with it, knowing it was a New York corporation. (Compl. ¶ 16.) Over a period of approximately one year, Defendants maintained continuous communications with House of Diamonds by fax and mail, and regularly requested and received diamonds on consignment. (Compl. ¶¶ 21-37.) By agreeing to the terms of the numerous consignment memoranda, Defendants contracted to receive goods and services in New York, and thereby projected themselves onto the New York diamond market and invoked the benefits and protections of New York laws relating to the handling and sale of precious stones and metals. *See Fischbarg*, 880 N.E.2d at 28; *see also Parke-Bernet Galleries, Inc. v. Franklyn*, 256 N.E.2d 506 (N.Y. 1970). There is no indication that Defendants sought to end their relationship with House of Diamonds, or that they in any way attempted to avoid or

limit their contacts with New York. Moreover, the instant action arises directly out of Defendants' contacts with House of Diamonds. Thus, by purposefully creating a continuous relationship with a New York corporation and by maintaining constant communications with it over the period of approximately one year, Defendants availed themselves of the benefits and privileges of transacting business in New York and are therefore subject to jurisdiction under N.Y. C.P.L.R. § 302(a)(1).

### b. N.Y. C.P.L.R. § 302(a)(3)

In addition to jurisdiction over non-residents who transact business in New York, under limited circumstances New York's long-arm statute also applies to out-of-state actors who cause an injury in New York. Acts that fall under C.P.L.R. § 302(a)(3) include committing a tortious act (except defamation) outside the state that causes injury to person or property within the state, if the tortfeasor:

> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>
> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce;

N.Y. C.P.L.R. § 302(a)(3). Thus, for jurisdiction to be proper under the statute, the Court must establish that the defendant has caused injury in New York by committing a tortious act outside of New York, and that he meets the requirements of either subsection (i) or subsection (ii). The Court does not inquire into defendant's ultimate liability, but rather only looks at whether plaintiff has presented a colorable tort claim under New York law. *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 125 (2d Cir. 2002).

Here, House of Diamonds raises a claim of conversion against Defendants. The elements of conversion as articulated by the New York Court of Appeals are: "(1) plaintiff's possessory right or interest in the property . . . and (2) defendant's dominion over the property or interference with it, in derogation of plaintiff's rights." *Colavito v. New York Organ Donor Network, Inc.*, 860 N.E.2d 713, 717 (N.Y. 2006) (internal citations omitted). House of Diamonds has alleged that it sent Defendants numerous diamonds on consignment and that Defendants have failed to return them as requested. It has stated a colorable conversion claim under New York law.

Based on Defendants' continued relationship and frequent communications with House of Diamonds, Defendants regularly transacted business and engaged in a persistent course of conduct within New York for jurisdictional purposes. Moreover, Defendants were aware at all times that House of Diamonds was a New York corporation with a principal place of business in New York, and should reasonably have expected that failure to pay for or return the diamonds in question would have consequences in New York. Additionally, Defendants derive substantial revenue from interstate commerce as they are apparently Florida domiciliaries (Compl. ¶¶ 5-6, 10) who sell hundreds of thousands of dollars worth of diamonds in California (Compl. ¶ 39). Accordingly, Defendants meet the jurisdictional criteria set out in C.P.L.R. § 302(a)(3) and are therefore subject to personal jurisdiction.

**2. Due Process Analysis**

In determining whether exercising personal jurisdiction over Defendants comports with federal due process, the Court applies the "minimum contacts" and "reasonableness" tests. *Metro. Life*, 84 F.3d at 567. In cases where the claim arises directly out of Defendants' contacts

7

with the state, jurisdiction is proper if Defendants purposefully availed themselves of the privileges of doing business in the state and should reasonably have been able to foresee having to defend a lawsuit there. *U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co. Ltd.*, 241 F.3d 135, 152 (2d Cir. 2001). In examining relevant facts, the Court does not have to limit its inquiry to those contacts that directly give rise to the instant action, but may also consider ones that relate to it. *Bank Brussels Lambert*, 305 F.3d at 128.

    Defendants' contacts with New York meet the minimum contacts requirement of the Due Process analysis. Defendants willfully sought out House of Diamonds, a New York corporation, and chose to engage in a continuous business relationship with it. They regularly placed orders and maintained fax and email correspondence with House of Diamonds in New York. (Compl. ¶¶ 21-22.) Defendants entered into numerous contracts for services from House of Diamonds, which they received from New York. (Compl. ¶¶ 23-36.) Additionally, Defendants conduct regular business with other New York corporations including Royal India USA, Inc. ("Royal India"). (Compl. ¶ 19 n.1.) Although Defendants' contacts with Royal India do not directly give rise to this action, it was Royal India's recommendation and account of its strong relationship with Defendants that caused House of Diamonds to enter into a business relationship with Defendants in the first place. (*Id.*) As such, Defendants' relationship with Royal India has a causal connection to this action and may be considered in the minimum contacts analysis. *See Bank Brussels Lambert*, 305 F.3d at 128. Since Defendants purposefully maintain a substantial and continuous business relationship with House of Diamonds and other New York corporations, as well as regularly solicit and receive services in the state, they have purposefully availed themselves of the benefits of doing business in New York and should reasonably have foreseen

having to defend a lawsuit here. The Court finds that Defendants meet the minimum contacts threshold of the Due Process jurisdictional analysis.

The second prong of the analysis seeks to determine whether exercising personal jurisdiction over Defendants is reasonable under the particular circumstances of this case. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). In performing the analysis, the Court considers five factors: "(1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the several states in furthering substantive social policies." *Metro. Life*, 84 F.3d at 568. Where the Court finds that there are sufficient minimum contacts to subject a defendant to personal jurisdiction, it is the defendant's burden to demonstrate that jurisdiction would be unreasonable under the particular facts of the case. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

Here, Defendants have not met the burden of demonstrating that exercising personal jurisdiction would be unreasonable. Defendants' have found it sufficiently convenient to maintain a business relationship with House of Diamonds in New York and there have been no facts brought to the attention of the Court that indicate that it would be particularly burdensome for Defendants to appear in New York. Although it would doubtlessly be more convenient for Defendants to litigate in Florida rather than New York, such an argument is not dispositive as "the conveniences of modern communication" make having to travel across state lines only a slight burden, insufficient to divest a court of personal jurisdiction. *See United States v. Harrell*, 268 F.3d 141, 146 (2d Cir. 2001). In sum, since Defendants have sufficient minimum contacts

with New York and exercising personal jurisdiction over them would not be so burdensome as to be unreasonable, exercising personal jurisdiction over Defendants comports with the Due Process clause of the United States Constitution.

**B. Default Judgment Standard**

A court may enter a judgment of default pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. An application must be presented to the court for the entry of judgment and notice of the application must be sent to any defaulting party so that it has an opportunity to show cause to the court why a default should not be entered. FED. R. CIV. P. 55(b)(2). The grounds for a default judgment are clearly established here as Defendants have failed to answer the Complaint. Three additional factors are to be considered: "1) whether the defendant's default was willful; 2) whether defendant has a meritorious defense to plaintiff's claims; and 3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Mason Tenders Dist. Council v. Duce Constr. Corp.*, No. 02 Civ. 9044 (LTS) (GWG), 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003). Since Defendants have been entirely unresponsive, their continued failure is willful. Moreover, since Defendants have not filed an Answer or otherwise responded to the Complaint, there is no evidence of any defense. In fact, as to Defendant J. Charles, the record indicates that its officer, Chrissafis, specifically chose not to provide a defense to the Complaint. (Pl.'s Letter at 3.) Finally, denying this motion would be prejudicial to House of Diamonds, as there are no additional steps available to secure relief in this Court. Therefore, all three factors are met, and default judgment is warranted.

## IV. CONCLUSION

For the foregoing reasons, I recommend that House of Diamonds' Motion for Default Judgment be **GRANTED**.

Pursuant to Rule 72, Federal Rules of Civil Procedure, the Parties shall have ten (10) days after being served with a copy of the recommended disposition to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Judge Sullivan, 500 Pearl Street, Room 615, and to the chambers of the undersigned, 500 Pearl Street, Room 1970. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn,* 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam); 28 U.S.C § 636(b)(1) (West Supp. 1995); FED. R. CIV. P. 72, 6 (a), 6(d).

**DATED: August 4, 2009**
**New York, New York**

                                             **Respectfully Submitted,**

                                             */s/ Ronald L. Ellis*

                                             **The Honorable Ronald L. Ellis**
                                             **United States Magistrate Judge**

**Copies of this Report and Recommendation were sent to:**

Counsel for Plaintiff
Mark J. Eberle
Augustine & Eberle LLP
90 Broad Street, 25th Floor
New York, NY 10004

Counsel for Defendants Borgioni LLC, Rhonda A. Bartolacci, and Tiffany A. Bartolacci
Robert G. Del Grosso, Esq.
114 Old Country Road, Suite 616
Mineola, NY 11501

*Pro se* Defendant
Joseph Zrelak
2223 Grant Street
Tampa, FL 33605

Defaulting Defendants
Livada Diamond Corp.
2223 Grant Street
Tampa, Florida 33605-6408
-and-
c/o Rhonda A. Bartolacci, Registered Agent
15603 Cochester Road
Tampa, Florida 33647

J.Charles and Company, Inc.
d/b/a J.Charles Custom Jewelers
2522 West Kansas Avenue, Unit B
Tampa, Florida 33629
-and-
c/o A1A Registered Agent, Inc.
5647 110th Avenue North
Royal Palm Beach, FL 33411

Jan Charles Chrissafis
2522 West Kansas Avenue, Unit B
Tampa, Florida 33629

13